UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

URIEL WAYNE CATES,               )
                                 )
       Plaintiff,                )
                                 )    No. 1-10CV0055
vs.                              )    JUDGE HAYNES
                                 )
BELLSOUTH TELECOMMUNICATIONS,    )
INC., d/b/a AT&T TENNESSEE       )
                                 )
       Defendant.                )

## PROPOSED CASE MANAGEMENT

### I. Jurisdiction and Venue

The United States District Court of the Middle District of Tennessee, Columbia Division has jurisdiction over this case. This action commenced in the Circuit Court for the Twenty-Second Judicial District of Tennessee at Lawrence County and removed to this Court by BellSouth Telecommunications, Inc. d/b/a AT&T Tennessee based on diversity jurisdiction. Venue is appropriate. Plaintiff filed a Motion to Remand, which was denied. Plaintiff in no way waives his right to appeal jurisdiction by presenting this Proposed Case Management Order, which is required by Local Rules.

### II. Parties' Theories of the Case

#### 1. Plaintiff's Theory of the Case

On June 3, 2009, the Defendant BELLSOUTH TELECOMMUNICATIONS, INC. ("Defendant") is alleged to have injured the Plaintiff by property it owns and maintains in Lawrence County, Tennessee, namely a telephone wire that became entangled in a "bushog," or pull-behind mower, operated by the Plaintiff. Plaintiff alleges that the damages were the proximate cause of the negligence of the Defendant as it relates to its property as more

particularly alleged in the Complaint, including but not limited to allowing the wire to remain on the ground when it was reasonably foreseeable that wire was concealed from the view of foreseeable mowers of the grass in the field, and its failure to warn such foreseeable mowers, including the Plaintiff, that it had allowed the wire to remain in the field which was concealed from view.

### 2. Defendant's Theory of the Case

Defendant BellSouth Telecommunications Inc.'s ("Defendant") theory of the case is that it denies it allowed the alleged wire to fall or be placed on the ground in the field where the alleged accident occurred. Defendant also denies that it had notice of the alleged downed wire, allowed the alleged downed wire to remain concealed on the ground, or failed to warn of the alleged downed wire. Finally, Defendant denies that its negligence or recklessness were the actual or proximate cause of any of the alleged injuries to Plaintiff. Discovery has not begun and Defendant may have additional and/or different positions upon completion of such.

## III. Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

On or before Friday, December 17, 2010, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties

met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

**C. Other Pretrial Discovery Matters**

The initial case management conference was held on **Friday, August 27, 2010**. The parties request a trial date in October of 2011. The Court hereby set the jury trial of this matter to begin on October 4th, 2011.

If this action is to be settled, the Law Clerk shall be notified by noon, **Friday, September 16, 2011**. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held **Friday, September 9, 2011, at 1:30 p.m.** at the U.S. Post Office Building at 815 Garden Street, Columbia, TN. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **April 22, 2011**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **April 22, 2011**. All discovery related statements shall be filed by the close of business on **April 29, 2011**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **July 1, 2011**, and any response thereto shall be filed by the close of business on **August 1, 2011**. Any reply shall be filed by the close of business on **August 8, 2011**.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline. There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions shall be governed by the Federal Rules of Civil Procedure.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court (effective December 1, 2009) shall govern.

By the close of business on **May 2, 2011**, the plaintiff shall declare to the defendant (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By the close of business on **June 3, 2011**, the defendant shall declare to the plaintiff (not to file with the Court) the identity of their expert witnesses and provide all the information specified in rule 26(a)(2)(B).

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.

[2] Strict compliance is required to Rule 56.01 Local Rules of Court (effective December 1, 2009) relating to motions for summary judgment.

Any supplements to expert reports shall be filed by the close of business on **July 1, 2011**. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39.01(c)(6)(c) (effective December 1, 2009) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

ENTERED this the _10th_ day of October, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge

APPROVED FOR ENTRY:

DUBOIS, DUBOIS, & BATES, P.C.

By: _____
David A. Bates, BPR No. 021156
Attorneys for Plaintiff
810 S. Garden Street
P.O. Box 339
Columbia, Tennessee 38402-0339
(931) 388-2526
dbates@duboislegal.com


BASS, BERRY & SIMMS, PLC

By: *Ashleigh Marie Harb* *
Erica Bell Vick, BPR No. 022676
Ashleigh Marie Harb, BPR No. 027277
Attorney for Defendant
150 Third Ave. South, Suite 2800
Nashville, Tennessee 37201
(615) 742-6200
evick@bassberry.com
aharb@bassberry.com


*By Permission,

_____