UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| URIEL WAYNE CATES, ) | |
| ) | |
| Plaintiff, ) | Case No: 1:10-cv-00055 |
| ) | |
| v. ) | |
| ) | |
| BELLSOUTH TELECOMMUNICATIONS, ) | |
| INC. d/b/a AT&T TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

## AGREED PROTECTIVE ORDER

The Defendant, BellSouth Telecommunications, Inc. d/b/a AT&T Tennessee considers certain documents to be confidential or proprietary business and financial information relating to the subject matter of this action. In the interests of facilitating efficient discovery, the parties enter into this Agreed Protective Order ("Order") as follows:

1. For purposes of this Order, "Confidential Documents" shall mean only those documents expressly designated as "confidential" in the parties' Initial Disclosures, Supplements to Initial Disclosures, Responses to written discovery requests, and/or Supplements to Responses to written discovery requests, but only and solely to the extent that said documents are expressly and clearly marked on the front page of each document as "confidential" (hereafter referred to as "Confidential Documents").

2. The parties in no way stipulate or agree that the Confidential Documents actually contain confidential or proprietary information, or that they are subject to protection by the Federal Rules of Civil Procedure, but the parties agree to enter into this Order to facilitate the exchange of discovery.

3. The parties shall not disclose Confidential Documents, or the contents contained therein, to any person or third party except as follows:

   a. Attorneys for the parties receiving the Confidential Documents, their legal staff and employees;

   b. Employees or agents of the parties receiving the Confidential Documents;

   c. Consultants and expert witnesses employed or retained by the parties for any purpose related to this litigation, including but not limited to, any employee, agent or third party retained or employed by the parties' consultants and expert witnesses;

   d. The Court, its staff and employees.

   e. The parties may produce any Confidential Documents to a court reporter and witness during the deposition of any representative, current or former employee, or any contractor affiliated with the party, subject to the other respective party's right to request that such testimony and/or exhibits be sealed as provided in Paragraph No. 5.

4. Any consultant or expert witness that is employed or retained by a party, including but not limited to, their employees, agents or any third party employed by any consultant or expert witness, shall agree in writing, in the form of Exhibit A hereto, to be bound by the provisions of this Order and subject to penalty by this Court for violation of its provisions prior to viewing any Confidential Documents.

5. During the deposition of any person in this action, a party may request that any testimony concerning such Confidential Documents and/or any Confidential Documents that are made as exhibits to such deposition be transcribed separately and made subject to this Agreed Protective Order. The requesting party shall be responsible for making arrangements with the

court reporter to ensure that such portions of the transcripts are separately transcribed and clearly labeled as part of the Confidential Documents.

6. The Confidential Documents shall be submitted to or filed with this Court only as follows:

a. The party shall file Confidential Documents in sealed envelopes endorsed with the caption of this action and the following statement:

### **CONFIDENTIAL**

This envelope contains confidential or proprietary information that are subject to a Court Order governing their use. This envelope shall not be opened and its contents disclosed except by counsel representing a named party involved in this litigation, the Court or employees and agents acting on behalf of the Court. Violation of the Court's Order governing the use of these documents may be regarded as contempt of Court.

b. All Confidential Documents filed with the Court shall be retained under seal pursuant to the provisions of Paragraph (6)(a) or as necessary for appellate review by a high court.

c. Nothing in this Order shall be construed to be relevant with regard to the inadmissibility or admissibility of the Confidential Documents. During trial, any party shall be allowed to request that the Court admit any Confidential Document or portion thereof to the trier of fact, at which time the Court will make such determinations regarding the review, admissibility and publication of said Confidential Documents as the Court deems appropriate.

7. The Confidential Documents disclosed or produced pursuant this Order may be reproduced by any party for any purpose in furtherance of this litigation.

8. Any party may waive any of the provisions of this Order as to any documents designated as Confidential by such party by so stating in a signed and dated writing.

9. If a party disagrees that a Confidential Document should be subject to this Order, and the parties cannot otherwise resolve such disagreement, the objecting party may move for the Court to conduct an in-camera review of all or part of the Confidential Document(s). All provisions of this Order shall remain in effect as to the Confidential Document(s) under review pending a decision by the Court.

10. Upon termination of this litigation and written request by a requesting party, the other respective party shall destroy all Confidential Documents in its possession. This litigation shall not be deemed terminated until a settlement agreement is executed by the named parties in this litigation or until a full and final non-appealable judgment has been entered by the Court.

11. No act or omission by any party and nothing stated in this Order shall be interpreted as a waiver of any claim, defense, or objection by any party.

12. In addition to any other legal or equitable remedy that may be available, the rights and obligations set forth in this Order may be enforced by injunction.

13. Nothing in this Order shall prevent the parties from using or disclosing their own documents.

14. Any party may request that the Court modify or otherwise grant relief from any provision of this Order.

ENTERED this the _9th_ day of _December_ 2010.

_____
JUDGE WILLIAM J. HAYNES